IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WINFIELD PRAIRIE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-216-M |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ex rel., Internal Revenue Service, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This case is scheduled for trial on the Court's June 2013 trial docket.

Before the Court is plaintiff's Motion to Dismiss, or in the Alternative for Judgment on the Pleadings Due to Defendant's Failure to Raise Compulsory Counterclaims and Affirmative Defenses, filed April 1, 2013. On April 22, 2013, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

On February 3, 2012, plaintiff filed its Petition to Quiet Title to and/or Foreclose Real Property in the District Court of Lincoln County, State of Oklahoma. On that same date, plaintiff filed a motion for summary judgment, seeking, in part, a ruling that the Warranty Deed dated May 13, 2005, wherein Skip and Donna Ambler conveyed the property at issue to plaintiff, was supported by good and valuable consideration and was not a fraudulent conveyance. In fact, in its motion plaintiff states:

> It is important to note that this action centers upon the Defendant's allegation that the conveyance of property (the subject "Warranty Deed") to the Plaintiff, Winfield Prairie, LLC, made on May 13, 2005, was a fraudulent conveyance denying the Defendant, the Internal Revenue Service ("IRS"), of its lien filed on May 16, 2005.

Plaintiff's Combined Motion for Summary Judgment and Brief in Support at 1.

On February 27, 2012, defendant removed this action to this Court. On April 20, 2012, defendant filed its answer; defendant's answer admitted only two complete paragraphs out of the ten pled by plaintiff and did not specifically state an affirmative defense or a counterclaim. Also on April 20, 2012, defendant filed its Rule 56(d) Motion, seeking time to conduct discovery prior to being required to file its opposition brief to plaintiff's motion for summary judgment.

On June 15, 2012, the parties filed their Joint Status Report and Discovery Plan in this case.[1] In the Joint Status Report, defendant states: "Although discovery in this case is not complete, the United States believes that its federal tax lien against Ambler would attach to the Lincoln County property because Winfield holds the property as a fraudulent transferee, alter ego, or nominee." Joint Status Report and Discovery Plan at 2. Additionally, in the Joint Status Report, plaintiff also notes the issue of fraudulent transfer. *See id*.

Plaintiff now moves the Court to grant judgment to plaintiff as a matter of law for defendant's failure to assert compulsory counterclaims and for failure to assert affirmative defenses as required by Federal Rules of Civil Procedure 12(a) and 13(a). Specifically, plaintiff asserts that defendant has failed to assert its right to foreclose its lien via counterclaim and has failed to assert its right to unwind the transactions alleged in plaintiff's petition by way of the doctrine of fraudulent conveyance. Plaintiff, thus, contends that defendant has waived any claim to foreclose its lien and any claim for fraudulent conveyance by its failure to assert the same as either an affirmative defense or a compulsory counterclaim.

---

[1] In the Joint Status Report, plaintiff stated that it wanted to withdraw its motion for summary judgment, and on June 20, 2012, the Court granted plaintiff's request to withdraw its motion for summary judgment.

The foreclosure of a federal tax lien is not a compulsory counterclaim that must be filed by the United States. *See Gustin v. United States*, 876 F.2d 485, 490 n.1 (5th Cir. 1989) ("The strictures of Fed.R.Civ.P. 13 simply do not apply to counterclaims for delinquent taxes. . . . If the timing and forum are not to the government's liking, the government need not bring the counterclaim."); *Caleshu v. United States*, 570 F.2d 711, 712-14 (8th Cir. 1978) (finding government tax collection suits not to be compulsory counterclaims). The Court, therefore, finds that defendant was not required to assert its right to foreclose its lien via counterclaim and, thus, has not waived any claim to foreclose its lien.

Additionally, the Court finds that, assuming that fraudulent transfer is an affirmative defense, defendant has not waived its right to assert fraudulent transfer as an affirmative defense based upon its failure to assert said defense in its answer. The Tenth Circuit has held that "[t]he purpose behind rule 8(c) [is] that of putting plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance. . . ." and that "the purpose of rule 8(c) is served when the plaintiff had notice at least three months prior to trial that the defendant intended to raise that affirmative defense, even though the defendant had failed to plead that affirmative defense." *Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1443-44 (10th Cir. 1992) (internal quotations and citation omitted). In the case at bar, plaintiff clearly has had notice of defendant's intent to raise the issue of fraudulent transfer for approximately a year. Defendant clearly stated its intention to raise the issue of fraudulent transfer in the Joint Status Report filed on June 15, 2012. Additionally, it is apparent that plaintiff was aware of the issue of fraudulent transfer even at the time it filed the instant action, noting in its motion for summary judgment that this action centers upon defendant's allegation that the conveyance of the property was a fraudulent conveyance. Further, because

plaintiff has been on notice for nearly a year or longer that defendant intended to raise the issue of fraudulent transfer, the Court finds that plaintiff clearly will not be prejudiced by defendant's assertion of fraudulent transfer during the trial of this matter.

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Dismiss, or in the Alternative for Judgment on the Pleadings Due to Defendant's Failure to Raise Compulsory Counterclaims and Affirmative Defenses [docket no. 25].

**IT IS SO ORDERED this 2nd day of May, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE